Case:2:15-cv-10502
Judge: Leitman, Matthew F.
MJ: Majzoub, Mona K.
Filed: 02-04-2015 At 10:52 AM
PR JACK MANN V DR. TABELING ET AL (LH)

25

MIED (Rev.5/13) General Civil Complaint

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JACK MANN,

Plaintiff(s),

v.

Dr. Tabeling, et al.},
UNITED STATES OF AMERICA,

Defendant(s).

(formerly 14cv 10760)
(formerly 14cv10740)
Civil No. TBD (formerly 13cv 6907)

Judge Lawrence P. Zatkoff
or Judith E. Levy

FTCA
COMPLAINT

I. Defendant(s). Print the full name for each defendant. If there are more defendants, use additional pages to provide their names.

**Name of Defendant(s)**

1. Dr. Tabeling
2. Warden Terris
3. United States of America
4.
5.

II. Statement of claim. Briefly state the facts of your case. Describe how each defendant is involved, and exactly what each defendant did, or failed to do. Include names of any other persons involved, dates, and places. You may use additional paper if necessary.

FTCA Claim is inclusive of all data, motions, complaints, exhibits, etc. contained within Case #'s: 13cv 6907 (N.D. of IL), 14cv 10740,

(Judge Zatkoff, E.D. of MI), and Case# 14 cv 12762 (Judge Levy, E.D. of MI). At the very least, all of these cases must now be consolidated, if not already done, as Mann is confused at best. This is AN AMENDED COMPLAINT, or in the Alternative, a NEW COMPLAINT AT LAW against the U.S.A. alone under the FTCA.

AMENDED COMPLAINT OR
NEW COMPLAINT AT LAW

NOW COMES, JACK MANN, Pro-Se, In forma pauperis, (hereinafter 'MANN') with the above named complaint, and in support thereof, states as follows:

1. MANN restates ALL data in the three complaints already with this Court, to be combined to show that Dr. Tabeling, in the course of his employment, denied MANN Access to RDAP (drug & alcohol Program ordered by Judge Hibbler in case # 10 CR 035 (N.D. of IL.) through a form sent to Mann by Tabeling, through Counselor Easton at FCI Milan. (SEE EXHIBIT 1A).

2. This denial, in writing, provides proof and physical evidence of the actual denial of Mann's treatment, and subsequent denial of the Good Time Credit that is attached to RDAP. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 555-556 (citations and footnote omitted). Mann does not speculate, Mann brings forth facts, and evidence (EXHIBIT 1A) to this Complaint. Mann does not "claim" that Tabeling declared Mann ineligible, MANN proves it with facts and Evidence (EXHIBIT 1A).

3. MANN Claims, and proves with an Affidavit that other, similarly situated violent offenders (in the eyes and purportedly in the opinion of U.S. District Courts.) (Sexual offenders in the U.S.A. are those who possess child pornography) (Child Pornography depicts sexual abuse of children and minors, thus, is a crime of violence.

4. Mann is, according to the D.O.J., a 'violent offender' with his conviction of 18 U.S.C. § 373 (Solicitation of a Violent crime).

5. Both Mann and Sexual Offenders serving time in the BOP are similarly situated.

6. Fifth Amendment violations apply to federal actions, and it has an equal protection component. Sixth Circuit recently noted, "[w]e evaluate equal protection claims against the federal government under the Fifth Amendment just as we would evaluate equal protection claims against State and local governments under the Fourteenth Amendment." Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F. 3d 365, 379 (6th Cir, 2011). A government violates Equal Protection Clause if it makes "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently

from others similarly situated without any rational basis for the difference." Radvansky v. City of Olmsted Falls, 395 F.3d. 291, 312 (6th Cir. 2005). The "threshold element of an equal protection claim is disparate treatment." Scarbrough v. Morgan County Bd. of Educ., 470 F.3d 250, 260 (6th Cir. 2006).

7. MANN is being treated differently than other inmates convicted of a "violent offense" according to the D.O.J. A Sexual offender is a violent offender.

8. While there is no "protected liberty interest in RDAP participation," Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)(federal prisoners have no constitutional or inherent right to participate in rehabilitative programs), MANN can show that Judge Hibbler did order the following, "the court is also going to require that while you are also in custody, that you be placed at an institution where you may participate in a residential drug

treatment program and a mental health program for evaluation and treatment while you are also in custody." Sentencing Transcripts, 7/27/2011, 10CR035 (NDIL), Pg 13, Lines 23-25, Pg. 14, Lines 1-2. [Cannot Be Exhibit, MANN Cannot Access a Copier, but PACER. Gov will prove this, with facts and Evidence as an ORDER of Judge Hibbler].

Later when discussing the Court to recommendation of facility, the Judge uses the WORD recommendation only to the point of recommending a location MANN wishes to be. He goes on, "But the Court's first recconendation is that it must be a facility that has that residential drug program and mental health program. If those facilities qualify for such program, that's fine. If they do not qualify, then I want a facility that offers those intensive programs. Then that will be the order of the Court." Id at Pg. 15, Lines 1-6.

The verbal order is quite clear. The recommendation is for a location. The order is for two distinct programs. Does a U.S. Citizen, who was ordered to participate in two programs (not recommended) have a right to these programs? If Judge Hibbler stated that, and he did, MANN was there, in an orange jumpsuit, in the absolute defeat of a Man's being, Then is there no law, rule, regulation, process for following a Judicial Order? If A Judicial Order CAN be sidestepped by the DOJ's BOP, then MANN would also like to enjoy that SAME power. If the BOP can ignore a Judicial Order, then So can Mann. MANN wishes for his Sentence to be VACATED, or COMMUTED to time served and have the ability to be immediately released

from FCI Allenwood.

If this is ridiculous to this honorable Court, then so should the BOP's total disregard of the portion of the VERBAL ORDER which states that it is the "order of this Court." Id. MANN does not bring this up to open up a debate of moral imperatives, or ideological influences. MANN just wants what was ORDERED by a Judge in federal Court.

9. MANN is a member of a protected class, actually a few: Man is a Caucasian Male, Man is a federal prisoner, Mann is a convicted felon, Mann is indigent, Man is disabled due to his diagnosed Severe Traumatic Brain Injury, and MANN's faith is an adherent of Judaism, a descendant of the Hebrew people, and any other types of labels, classes, protected or not, that MANN is unaware of. Basically MANN wants the Court to choose which

of these "protected class" designations. When the court said "Preventing the early release of potentially violent inmates is a legitimate governmental interest," Jones v. Quintana, 2013 WL 502197, *4 (E.D. Ky. Feb. 8, 2013)(citing Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998); see also Coleman v. Martin, 363 F. Supp. 2d. 894, 902 (E.D. Mich. 2005)(finding that Michigan had a rational basis to consider a prisoner's mental health when deciding whether to grant parole for purposes of protecting public safety), they did so only after looking at all of the pros, cons, assetts, liabilities, character defects, or astounding character personality traits, letters of recommendation to a federal Judge in a prior case (instant offense), and the prisoners actual case history and criminal history. How can Mann be denied that allowance as well? By tossing up a bit of case law, this court is essentially forgetting that inclusion in RDAP is never

supposed to guarantee the year off of ones sentence.

The BOP may have a rational basis for denying violent offenders from RDAP participation. MANN has never committed violence. MANN was pulling a "scam" and got caught in a "sting". MANN's proposed "double-cross rip-off" of two men involved the three men speaking about violence. That is all. That is enough, as we know, to get Mann convicted of 18 USC § 373.

Similarly, sexual offenders are convicted of a violent offense according to the D.O.J., USSC, and the general public. Thereby, these offenders are similarly situated to MANN. Both groups may be appalled at the others actions, however, they are in the "same boat" as per the DOJ, USSE, USSC, and the general public.

10. As per Judge Hibblers verbal order, BOP / Dr. Tabeling / USA deprived him of

"the minimal civilized measure of life's necessities" thus meeting the Eighth Amendment "conditions-of-confinement" objective component. Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations omitted).

BOP / Dr. Tabeling / USA also met the subjective component of the Eighth Amendment "conditions-of-confinement," by acting wantonly, with deliberate indifference to the Plaintiff's serious needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

When MANN approached Dr. Tabeling and questioned Dr. Tabeling about the denial (EXHIBIT 1A), Tabeling became very angry, and told plaintiff in a voice that was condescending, full of animus and disdain for Mann because of Mann's class as a: felon, prisoner, disabled American with TBI, Jew, and indigent American. This meets the 8th Amendment

requirements, MANN believes.

In fact, TAbeling said to MANN, "You will not be admitted into RDAP." TAbeling's inflection on the word "You" was as if MANN were a disgusting and repugnant piece of filth before him. To MANN, this was a "menacing" form of assault. TAbeling causes fear when he speaks to Mann in that tone, and TAbeling knows it. MANN cannot Argue, or say anything. MANN is treated as a 2nd Class Citizen by TAbeling.

This fear is the direct result of the power TAbeling has over MANN, the ridiculous potential infractions that MANN could be "written up" for through the BOP disciplinary Process. A Code exists for "insolence," based on Staff's own personal interpretation of the word's meaning. Also, as MANN has shown FCI Milan Staff a low threshold for filing claims against BOP in the N.D. of IL (MANN v. Harvey, 11C 4605), Staff enjoys placing MANN

the Special Housing Unit (SHU) for even the smallest infraction as a result of his willingness to properly complete/exhaust all Administrative Remedy Processes.

11. Plaintiff had to track down Dr. Tabeling in the Drug Unit, as he had been gone for days. Tabeling, after denying MANN now claims, the BOP will not allow MANN in treatment without proof of prior treatment.

12. MANN had this prior treatment sent in, as he was told by Tabeling, "if you get me the records, I'll get you in." The records from Hinsdale Hospital came into the BOP, are on their computer, and there is no denying MANN is in full compliance with Dr. Tabeling's Denial, # 2, whereby he states, "2) You may seek documentation from a Substance abuse treatment provider where you previously recieved treatment. This documentation

must have been written the time services were provided and must demonstrate that a substance use diagnosis was completed at the time you were seen and that treatment was provided for that documented substance abuse diagnosis. Notice of RDAP Qualification, BP-A0941, U.S.D.O.J., F.B.O.P., Dr. Tabeling. (EXHIBIT 1A)

13. MANN's documentation satisfies all of these criteria. This is internal BOP recorded & SCANNED proof of MANN's completion of treatment at NEW DAY CENTER, Hinsdale Hospital, Hinsdale, Illinois, Dr. Richard Ready.

14. When speaking to Tabeling, MANN was grazed at with some brand new data, which MANN believes, designed to deny MANN RDAP placement due to deliberate indifference. Tabeling said, "You will not be admitted into the RDAP, the treatment was not in the 12 months before your arrest."

This new data was withheld from Mann. Mann was worried that if he argued, the staff would give him an Incident report for "insolence". This fear was/is due to "menacing" form of assault.

15. If MANN does not have a Constitutional Right to treatment (See Moody, 429 U.S. at 88 n. 9 (1976), is there any protection to follow a Judge's verbal order? Mann hopes so.

16. These acts, errors, omissions, intentional torts, and unintentional torts caused him, and are still causing MANN to want to use drugs and alcohol. The disease of Alcoholism is best explained by saying it is a 10,000lb. Beast in the corner, doing push-ups, as time goes on, the Beast (Addiction) Keeps getting Stronger.

Mann is tested daily in prison with drugs and horribly manufactured alcohol that is still appealing. Mann's daily torment is the proof of harm (emotional distress, fear of relapse, "menacing" assault by staff) necessary to state a claim.

17. FTCA is against the USA, and this claim is against the USA for all the acts listed herein, all the acts in Case # 13 cv 6907 (N.D. IL.), Case # 14-cv-10740 (E.D. of MI), and Case# 14-cv-12762 (E.D. of MI). Perhaps, all of these cases, all of their complaints can be combined before a Judge. As Mann is now in FCI Allenwood - M due to retaliation by FCI Milan Staff, he does not want to file in PA, unless this Court directs otherwise. Is that an option? Can Plaintiff change venue?

WHEREFORE, MANN prays this Honorable Court will grant Mann the following relief:

A. Allow Mann's Amended Complaint for FTCA Claim: or in the alternative,

B. Allow Mann's NEW COMPLAINT [redacted] LAW, or in the alternative,

C. Allow for such other and further relief as this court deems just and proper.

Date 1/22/2015

J Mann

JACK MANN

# CERTIFICATE OF SERVICE

I, Jack Mann, hereby swear, under penalty of perjury that on the date below, this Complaint was placed in the USPS Mail to:

231 W. Lafayette St.
Detroit, MI 48226

Clerk please get 1 Copy to the Court: 1 Copy to Defendant and, 1 Copy to MANN Stamped "RECIEVED" as MANN HAS NO COPY & this is his only one.

Date: 1/22/2015

[signature]

JACK MANN

EXHIBIT 1

**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

05-30-2013

JACK MANN, #22865-424
FCI MILAN

Re: Administrative Claim for Damages
Claim #: TRT-NCR-2013-05269 $ 250,000.00

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your claim was received on 05-17-2013. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until 11-16-2013.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

Sincerely,
Richard W. Schott
Regional Counsel

**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS 66101*

AUG 30 2013

Jack Mann
#22865-424
FCI Milan

Re: Claim Number TRT-NCR-2013-05269
Amount Claimed: $ 250,000.00

CERTIFIED RECEIPT 7008 3230 0003 2655 7913

Dear Claimant:

Your above referenced tort claim has been considered for administrative review pursuant to 28 CFR § 0.172, Authority: Federal Tort Claims and 28 CFR Part 14, Administrative Claims Under Federal Tort Claims Act. Investigation of your claim did not reveal that you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 CFR § 14.9, Final Denial of Claim. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

BP-A0941 **Notice of RDAP Qualification** CDFRM
MAR 09
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

EXHIBIT 1A

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES THAT YOU DO NOT QUALIFY FOR THE RESIDENTIAL DRUG ABUSE PROGRAM

Comments: Based on a review of existing documentation in your central file, psychology file and a clinical assessment of records, the determination has been made that you do not meet the criteria for a substance abuse disorder in the year prior to your arrest. You have the following options: 1) You may volunteer for the non-residential drug abuse program. 2)You may seek documentation from a substance abuse treatment provider where you previously received treatment. This documentation must have been written the time services were provided and must demonstrate that a substance use diagnosis was completed at the time you were seen and that treatment was provided for that documented substance abuse diagnosis. 3) You may seek documentation from a probation officer, a parole officer, social services professional, etc., who has information that verifies your problem with illegal or illicit substances. 4) If you have physical proof of your substance use that may be examined by medical staff to prove an addiction, e.g., track marks, abscesses, etc., you may sign a consent form allowing the drug treatment staff to receive the results of such an examination from Health Services. 5) If you received substance detoxification as you entered the Bureau, you may sign a consent form for the drug treatment staff to verify your detoxification with health services. You will be reconsidered upon receipt of adequate, acceptable, verifiable documentation of a substance abuse problem. If medical and/or treatment documentation exists or any documentation from the above options, please have your doctor, therapist, treatment provider, or agency forward the information directly to Dr. James R. Tabeling, Drug Abuse Program Coordinator, FCI Milan, Post Office Box 9999, Milan, MI, 48160. Documentation is <u>not</u> to be sent to you to provide to the drug abuse treatment staff.

If inmate does not qualify for the RDAP no offense review is required.

**SECTION 2 - OFFENSE REVIEW**

___ A DSCC OFFENSE REVIEW HAS BEEN REQUESTED.

___ A DSCC OFFENSE REVIEW HAS **NOT** BEEN REQUESTED:

____ (a) you have received a prior early release under §3621(e);

____ (b) you are a contract boarder (e.g., state or military inmate);

____ (c) you were sentenced under old law.

My signature indicates I have been informed of my RDAP qualification status.

| | |
|---|---|
| Inmate Name Printed<br>Mann, Jack | Staff Name Printed<br>H. Douglas Gaston, MA, LLPC, CADC |
| Inmate Signature | Staff Signature |
| Register Number<br>22865-424 | Staff Title<br>Drug Abuse Treatment Specialist |
| Date | Date |

Refused to sign
__ Yes __ No

cc: Drug Abuse Treatment File Unit Team
Unit Team (place in section 4 of inmate central file)

Jack Mann
22865-424
FCI Allenwood - M
PO Box 2000
White Deer, PA 17887

PURPLE HEART FOREVER USA 2012
PURPLE HEART FOREVER USA 2012
PURPLE HEART FOREVER USA 2012

Prisoner
SSS
Case

PSG

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

JAN 22 2015
DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

JAN 22 2015

RECEIVED
FEB 04 2015
CLERK'S OFFICE
DETROIT

LEGAL MAIL

I AM REFUSED COPIER ACCESS

Clerk Please Copy & Return

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**OFFICE OF THE CLERK**
**THEODORE LEVIN UNITED STATES COURTHOUSE**
**231 WEST LAFAYETTE BLVD. – ROOM 564**
**DETROIT, MICHIGAN 48226**

**OFFICIAL BUSINESS**

# CIVIL COVER SHEET FOR PRISONER CASES

| | |
|---|---|
| **Case No.** 15-10502 **Judge:** Matthew F. Leitman **Magistrate Judge:** Mona K. Majzoub | |
| **Name of 1st Listed Plaintiff/Petitioner:**<br>Jack Mann | **Name of 1st Listed Defendant/Respondent:**<br>Dr. Tabeling et al |
| **Inmate Number:** 22865-424<br>**Plaintiff/Petitioner's Attorney and Address Information:**<br><br>**Correctional Facility:**<br>Allenwood FCI<br>P.O. Box 2000<br>White Deer, PA 17887 | **Additional Information:** |

**BASIS OF JURISDICTION**
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☒ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes ☒ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes ☒ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______